UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-22372-CIV-GOLD/MCALILEY

ALLISON SMITH, individually and on behalf
of all others similarly situated,

    Plaintiff,

HM WALLACE, INC., a Florida corporation,

    Defendant.
_____/

# REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS

Pending before the Court is Defendant, HM Wallace, Inc.'s, Motion for Attorneys' Fees and Costs. [DE 12]. Defendant seeks to recover its fees against Plaintiff and her counsel pursuant to 15 U.S.C. § 1681o(c)[1], and its costs pursuant to Federal Rule of Civil Procedure 54(d). Plaintiff responded to the motion and Defendant filed a reply. [DE 14, 16]. Plaintiff also filed a sur-reply to address new issues raised in the reply. [DE 21].[2] The matter

---

[1] Defendant cites to 15 U.S.C. § 1681o(c) as authority for recovery of its attorneys' fees. [DE 12, p. 2]. There is no such statutory section. Section 1681o(b) authorizes the recovery of attorneys' fees for a filing made in bad faith or for the purposes of harassment in connection with a claim of negligent violation of FACTA. Because Plaintiff here alleged a willful violation of FACTA under 15 U.S.C. § 1681n(a) [DE 1, p. 10], § 1681o(b) is inapplicable. Rather, § 1681n(c), which authorizes the recovery of attorneys' fees for filings made in bad faith or for the purposes of harassment in connection with a claim of willful violation of FACTA, appears to be the provision Defendant intended to move under. Because the language of the two provisions is identical, and the parties have both acted as if the claim for fees was correctly brought under § 1681n(c), the Court will assume that Defendant intended to move under §1681n(c).

[2] Defendant has moved to strike portions of Plaintiff's Sur-Reply [DE 23]. The Court addresses that motion during its analysis of the attorneys' fees issue.

was referred to the undersigned by the Honorable Alan S. Gold for resolution. [DE 13]. For the reasons set forth below, this Court recommends that Defendant's motion be denied.

## I.   Background

Plaintiff filed her complaint in this action alleging Defendant violated the Fair and Accurate Credit Transaction Act (FACTA) by providing her an electronic receipt that displayed her credit card expiration date. [DE 1]. On October 3, 2008, Defendant moved to dismiss for failure to state a claim. [DE 8]. On October 30, 2008, Plaintiff filed a notice voluntarily dismissing her claim with prejudice and the Court entered an Order dismissing this action on November 4, 2008. [DE 10, 11]. Defendant filed its motion for fees and costs against both Plaintiff and her counsel on December 31, 2008.

## II.   Analysis

### A.   Procedural Deficiencies

Although the deficiencies were not raised by Plaintiff, the Court notes that Defendant has failed to meet several of the requirements of Local Rule 7.3.A regarding motions for attorneys' fees and costs. As a threshold matter, the motion is untimely. Local Rule 7.3.A(vii) requires that a motion for attorneys' fees and costs be "filed and served within thirty days of entry of" the order giving rise to the right to fees or costs. Here, the motion for fees and costs was filed and served 57 days after the Court entered its Order dismissing this action, well beyond the deadline set by the Local Rules.

The motion is also deficient under Local Rule 7.3.A because it does not: (1) disclose

the terms of any agreement with respect to fees to be paid defense counsel; (2) describe in detail the identity of the timekeepers; or (3) describe in detail all reimbursable expenses. Local Rule 7.3.A(iii), (iv), (v). Additionally, the motion lacks a supporting affidavit by an expert and is not verified. Local Rule 7.3.A (vi) and (vii). These multiple procedural defects alone justify denial of the motion. However, as discussed below, the motion should also be denied on the merits.

### B. Attorneys' Fees

Defendant asks to recover its fees pursuant to 15 U.S.C. § 1681n(c) which provides:

> Upon a finding by the court that an unsuccessful pleading, motion or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

As a threshold matter, this section does not authorize the imposition of attorneys' fees on a party's counsel. *O'Connor v. Trans Union, LLC*, No. 05-cv-74498, 2008 WL 4910670, * 19 (E.D. Mich. Nov. 13, 2008); *Lewis v. Trans Union LLC*, No. 04 C 6550, 2006 WL 2861059, * 3 (N.D. Ill. Sept. 29, 2006). Thus, the Court will only consider whether Defendant is entitled to recover fees against Plaintiff under § 1681n(c).

The plain language of this section authorizes the recovery of attorneys' fees only when a pleading, motion or other paper is *filed* in bad faith or for the purposes of harassment. *See Rogers v. Johnson-Norman*, 514 F. Supp. 2d 50, 52 (D.D.C. 2007) (§ 1681n(c) requires proof that the *filing*, not maintenance, of an action was in bad faith or for harassment); *Bagumyan*

3

*v. Valero Energy Corp.*, Case No. CV 07-312 ABC, 2007 WL 1500849, *2 (C.D. Cal. April 20, 2007) (same).[3]

In its motion for attorneys' fees, Defendant does not assert that Plaintiff filed the action in bad faith or for the purposes of harassment. Rather, Defendant contends that the action was "*maintained* in bad faith" because "Plaintiff and/or her counsel knew or should have known that [FACTA] had been interpreted to exclude online confirmation emails as 'receipts'...." [DE 12, p. 2]. Defendant further argues that Plaintiff should have dismissed the case sooner, and that by failing to do so, "the claim against [Defendant] was maintained in bad faith." [DE 12, p. 3]. Finally, Defendant asserts that it suffered damages "as a result of the Plaintiff and her attorney's unreasonableness of maintaining the claim in bad faith . . . ." [*Id.*]. In short, nowhere does Defendant contend that Plaintiff *filed* her action in bad faith, the standard required for recovery under the statute.

When the Court applies the proper test under § 1681n(c) (whether Plaintiff filed this action in bad faith) it is led to the conclusion that the record does not support an award of attorneys' fees. "Bad faith" requires showing that Plaintiff either had subjective bad faith or filed an action that was frivolous, unreasonable or without foundation. *O'Connor*, 2008

---

[3] Defendant moved to strike the portion of Plaintiff's sur-reply discussing the distinction between "filing" and "maintenance", on the basis that it is an improperly raised new argument. [DE 23, p. 1]. In fact, Plaintiff raised this issue in its response. [DE 14, pp. 1-3]. Thus, the motion to strike this portion of the sur-reply is denied. Defendant also moves to strike Plaintiff's affidavit, attached to the sur-reply, as untimely because it addresses the issue of bad faith and should have been filed with Plaintiff's response. [DE 23, p. 1]. The Court agrees that the issue of bad faith was raised in the motion and Plaintiff should have filed her affidavit along with her response. Plaintiff's affidavit [DE 21-2] is stricken.

WL 4910670, * 20. At the time Plaintiff filed her action, there was no binding precedent from the Eleventh Circuit as to whether the requirements of FACTA applied to electronic receipts. In particular, courts in the Southern District of Florida were split on the issue. *Compare King v. Movietickets.com*, 555 F. Supp. 2d 1339 (S.D. Fla. 2008) (Gold, J.) (holding that FACTA does not apply to electronic receipts); *Haslam v. Federated Department Stores, Inc.*, Case No. 07-61871, 2008 WL 5574762 (S.D. Fla. May 16, 2008) (Middlebrooks, J.) (same) *with Grabein v. 1-800-Flowers.com, Inc.*, No. 07-22235, 2008 WL 343179 (S.D. Fla. Jan. 29, 2008) (Huck, J.) (holding that FACTA does apply to electronic receipts). Given the unsettled state of the law, the Court cannot conclude that Plaintiff's filing of this action was frivolous, unreasonable or without foundation.

Defendant argues that Plaintiff's bad faith is evidenced by her filing other actions for the same violation of FACTA in this district, even after other courts in this district have held that FACTA does not apply to online transactions. [DE 16, pp. 2-3]. The Court disagrees. The fact that other courts subsequently issued non-binding orders holding that this claim cannot be brought under FACTA, does not establish that Plaintiff acted in bad faith when she filed this claim. Significantly, the issue remains unsettled in this Circuit. Likewise, Plaintiff's pursuit of FACTA claims in multiple lawsuits, standing alone, is insufficient to show that she acted in bad faith when she filed this particular action.[4]

---

[4] Five of Plaintiff's cases, including this one, concern electronic transactions. One was filed before this action, one was filed on the same day and the other two were filed within a month and a half of this action. [DE 16-2, pp. 1-2]

Thus, Defendant's claim for attorneys' fees pursuant to 15 U.S.C. § 1681n(c) should be denied.

### C.     Costs

Defendant seeks to recover its costs against Plaintiff as a prevailing party pursuant to Federal Rule of Civil Procedure 54(d). [DE 12, p. 1]. Rule 54(d) provides that a prevailing party is entitled to costs as a matter of course, while 28 U.S.C. § 1920 enumerates the costs that may be taxed. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-2 (1987); *Maris Distributing Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002) (noting that the court "abuses its discretion if it awards costs pursuant to Fed. R. Civ. P. 54 in excess of those permitted by Congress under 28 U.S.C. § 1920"). Here, Plaintiff does not dispute that Defendant is the prevailing party, so the only remaining issue is the amount of the costs Defendant is entitled to recover.

### 1.     Legal research and telephone charges

Defendant seeks to recovery a total of $411.70 for legal research (Lexis and PACER) and telephone charges. These costs are not recoverable under § 1920. *Gary Brown & Assoc., Inc. v. Ashdon, Inc.*, 268 Fed.Appx. 837, 846 (11th Cir. 2008) (legal research not recoverable under § 1920); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, No. 6: 05-cv-269-Orl-28JGG, 2007 WL 842771, * 10 (M.D. Fla. March 20, 2007) (PACER fees not recoverable under § 1920); *Matthews v. City of Dothan*, No, 1:04-cv-640-WKW, 2008 WL 450433, * 4 (M.D. Ala. Feb. 15, 2008) (telephone charges not recoverable under § 1920).

### 2. Photocopying charges

Defendant is also seeking a total of $14.00 for photocopying costs, at a rate of $.25 a page.[5] [DE 12-2, pp. 2-3, 5]. Copying costs are recoverable under § 1920(4) if the copies were necessarily obtained for use in the case. *See also For Play Limited v. Bow to Stern Maintenance, Inc.*, No. 05-2202-CIV-KING, 2006 WL 3662339, * 11 (S.D. Fla. Nov. 6, 2006). The prevailing party cannot recover for copies made merely for counsel's convenience and Defendant bears the burden of showing that the costs are recoverable. *Id.*

Despite having the burden to do so, Defendant does not identify the nature of the copies for which it seeks reimbursement. [12-2, pp. 2-3, 5]. Where, as here, a party provides insufficient information regarding copy costs, courts frequently decline to award any costs. For example, the court in *Scelta v. Delicatessen Support Serv., Inc.*, 203 F. Supp. 2d 1328, 1340-41 (M.D. Fla. 2002), although recognizing that some of the copying costs sought by defendants must be recoverable, held that where defendants "have not described the photocopying costs sufficiently to permit a determination of which photocopies were necessarily obtained for use in this case, reimbursement for photocopying costs is rejected in its entirety." *See For Play*, 2006 WL 3662339, at * 10 (where plaintiff submitted no evidence from which the court could determine which copy costs were recoverable, the court held that none of the copying costs were recoverable).

Given the motion's numerous procedural defects, including its untimeliness,

---

[5] The Court notes that a charge of $.25 a page for photocopying is excessive. *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 652-53 (S.D. Fla. 2007).

Defendant's failure to provide any evidence from which the court could determine which copy costs were recoverable and the excessive copying charge sought for each page, this Court recommends that Defendant's request to tax its photocopying costs be denied in its entirety.

**III.     Conclusion**

Based on the foregoing this Court ORDERS that

Defendant, HM Wallace, Inc's, Motion to Strike Portions of Plaintiff's Sur-Reply [DE 23] is **GRANTED IN PART**

and RECOMMENDS that Defendant, HM Wallace, Inc's, Motion for Attorneys' Fees and Costs [DE 12] be **DENIED**.

**IV.     Objections**

The parties may file written objections to this Report and Recommendation with the Honorable Alan S. Gold **no later than 10 days from the date of this Report and Recommendation.** Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY RECOMMENDED in chambers at Miami, Florida, this 9th day of September, 2009.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable Alan S. Gold
All counsel of record